**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN HULBERT COWGILL, grantor
and beneficiary John Hulbert Cowgill, on
behalf of my Private Foreign Trust,

Plaintiff,

v. CV 16-464 WPL/SCY

UNITED STATES OF AMERICA,

Defendant.

**ORDER**

The Internal Revenue Service ("IRS") assessed tax liability against Plaintiff John Cowgill for 2007 and 2011. (*See* Doc. 9 Ex. 1 at 2; *see also* Doc. 1 at 15, 18, 19.) The IRS proceeded to levy against Cowgill's social security benefits. (*See* Doc. 1 at 19, 23.) Cowgill then filed a complaint for "Breach of the Trust/Breach of Fiduciary Duties." (Doc. 1.) Broadly, Cowgill alleges that his birth certificate (*id.* at 6), a notarized "Indenture for Independence" (*id.* at 7), and two letters he mailed to the IRS (*id.* at 8-17) created a "Private Foreign Trust relationship" between him and the United States and established certain fiduciary duties for the United States. (*Id.* at 1.) Chief among these duties appears to be extinguishing Cowgill's tax liability. (*See generally id.* at 4-5.)

On June 6, 2016, approximately two weeks after the United States was served with the complaint and approximately six weeks before the United States owed an answer or other responsive pleading (*see* Docs. 5, 6), Cowgill filed a "Request for Judicial Notice in Support of My Claim in Equity for Breach of the Trust/Breach of Fiduciary Duties" (Doc. 7), which I

construe as a motion to take judicial notice. The United States did not respond. However, on July 25, 2016, the United States filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 9.) Cowgill filed a response (Doc. 16), and the United States filed a reply (Doc. 17).

Because Cowgill is a pro se litigant, I must construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

Having reviewed the briefing, the record, and being otherwise fully advised in these matters, I grant-in-part and deny-in-part Cowgill's motion to take judicial notice and grant the United States's motion to dismiss for lack of subject matter jurisdiction.

## MOTION TO TAKE JUDICIAL NOTICE

To be admissible, evidence must be relevant: it must make the existence of any fact of consequence more or less probable than it would be without the evidence. FED. R. EVID. 401. Federal Rule of Evidence 201(b) authorizes a court to take judicial notice of adjudicative facts. The Rule states that a court may judicially notice a fact that is not subject to reasonable dispute if the fact is a) generally known within the court's territorial jurisdiction or b) capable of accurate and ready determination by sources whose accuracy cannot reasonably be questioned. *See also*

*United States v. Boyd*, 289 F.3d 1254, 1258 (10th Cir. 2002). A fact is within the common knowledge when most people in the jurisdiction would be aware of such a fact. *See Brown v. Piper*, 91 U.S. 37, 42 (1875); *United States v. Jones*, 580 F.2d 219, 222 (6th Cir. 1978). Courts should resolve every reasonable doubt in the negative when deciding whether to judicially recognize a fact. *Brown*, 91 U.S. at 42. Subsection (c)(2) of the Rule requires a court to take such notice upon request of a party if the court is supplied with the necessary information.

Rule 201 authorizes a court to take judicial notice solely of adjudicative facts, as opposed to legislative facts. Adjudicative facts concern the parties to a proceeding, whereas legislative facts are relevant to legal reasoning and the lawmaking process. *See, e.g.*, *United States v. Wolny*, 133 F.3d 758, 764 (10th Cir. 1998). Courts may take judicial notice only of those adjudicative facts that are not in reasonable dispute, and generally do not take such notice of disputed matters. *See, e.g.*, *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (stating that a judicially noticed fact must be one that only an unreasonable person would dispute). Judicially noticed facts often consist of matters of public record. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006). While a court may take notice, for example, that a website, press release, or record exists, such documents cannot be considered to prove the truth of matters asserted therein. *See id.* (citing *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1186 (11th Cir. 2002)).

Cowgill asks that I take judicial notice of thirty-eight things. These items can be broken into the two principal categories discussed above, adjudicative facts and legislative facts. To the extent that Cowgill requests that I take judicial notice of legislative facts or legal conclusions, such as "16. Notice that a grantor's intent is the absolute vested law of grantor's Trust relationship" (Doc. 7 at 2), the motion is denied as these matters are inappropriate for judicial notice. *See Wolny*, 133 F.3d at 764. Accordingly, I deny Cowgill's motion as to 3 ("Notice that

Respondent is an artificial being, invisible intangible, and existing only in contemplation of law"), 4 ("Notice I was born a man not artificial, invisible or intangible, and existing only outside contemplation of law"), 5 ("Notice that I am not an artificial being, natural person, legal entity or legal fiction of any kind whatsoever"), 7 ("Notice exhibit 'A' evidences that at birth I was the owner of my Given Name and Given Live Birth Event"), 8 ("Notice exhibit 'A' evidences at birth my Given Name and my Given Live Birth Event were my property"), 9 ("Notice that all my information to my property was transferred to Respondent by my mother as an informant"), 10 ("Notice exhibit 'A' evidences all my information was received and accepted by Respondent"), 11 ("Notice exhibit 'A' evidences Respondent was entrusted with all my information to my property"), 12 ("Notice exhibit 'A' evidences Respondent has construed my Given Name to be my Legal Name"), 13 ("Notice that I as only man have no sameness or identity of any kind whatsoever in my Legal Name"), 14 ("Notice that exhibit 'B' evidences the existence of a Private Foreign Trust relationship"), 15 ("Notice that exhibit 'B' evidences the four elements for a Trust relationship; Intent, Purpose, Parties and Specific Trust res, with a method of formation (by transfer and receipt)"), 16 ("Notice that a grantor's intent is the absolute vested law of grantor's Trust relationship"), 17 ("Notice exhibit 'B' evidences I am the grantor and the only officially named beneficiary for the Trust"), 18 ("Notice exhibit 'B' evidences Respondent is the officially appointed and named trustee for the Trust"), 19 ("Notice that according to exhibit 'B' I as man have no identity whatsoever in my Legal Name"), 20 ("Notice that according to exhibit 'B' all trustees must perform all fiduciary duties according to my intent as grantor which is the Law of the Trust"), 21 ("Notice that according to exhibit 'B' all trustees have a fiduciary duty for the Trust and must perform all fiduciary duties for the highest and greatest good, benefit and safety for me as grantor and as beneficiary"), 22 ("Notice that

according to exhibit 'B' no entity or fiction of any kind whatsoever has any right or duty of any kind whatsoever to challenge my intent as grantor which is the Law of the Trust"), 34 ("Notice that all derivatives of Respondent that are entrusted with or have access of any kind whatsoever to the Trust by any means whatsoever have a fiduciary duty to the Trust as a trustee"), 35 ("Notice that all derivatives of Respondent are acting on behalf of Respondent"), 36 ("Notice that Respondent as the named trustee for the Trust is responsible for all its derivatives"), 37 ("Notice that Respondent and all derivatives of Respondent have a fiduciary duty to me as the Petitioner and they also have a fiduciary duty to the Private Foreign Trust"), and 38 ("Notice that there is a private and confidential six (6) page Trust Indenture (instructions) that is available for all trustees and the Indenture must remain confidential and under seal when viewed by this Court of equity"). (Doc. 7.)

Several proposed facts are within the general knowledge and readily discernible. Accordingly, I grant Cowgill's motion for judicial notice as to 23 (that the United States has a President, referred to as the President of the United States), 24 (that the United States Department of Justice is an administrative agency within the United States), 25 (that the United States Attorney's Office for the District of New Mexico is part of an administrative agency within the United States), 26 (that the Supreme Court of the United States is part of the constitutional government of the United States), 27 (that the United States District Court for the District of New Mexico is part of the judicial branch of the United States), 28 (that United States District Judges for the District of New Mexico are appointed by the President and confirmed by United States Senate), 29 (that Damon Martinez is the United States Attorney for the District of New Mexico after being appointed by the President and confirmed by the Senate), 30 (that United States Magistrate Judges for the District of New Mexico are appointed by the United

States District Judges for the District of New Mexico), 31 (that United States District Judges are part of the federal judiciary), 32 (that United States Attorney Martinez is employed by the United States Department Justice), and 33 (that United States Magistrate Judges are part of the federal judiciary). (*Id.*)

Finally, Cowgill asks that I take judicial notice that "exhibit A" and "exhibit B" are "true and correct" copies of the same exhibits attached to his complaint. (Doc. 7 at 1.) These "facts" are not capable of ready determination from reliable sources, nor within the general knowledge in the jurisdiction. Additionally, all doubts around the taking of judicial notice are resolved against such notice. *Brown*, 91 U.S. at 42. I deny Cowgill's motion as to 1 and 2.

**MOTION TO DISMISS**

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack. When reviewing a facial attack on a complaint, courts accept the allegations of the complaint as true; when reviewing a factual attack, courts "may not presume the truthfulness of the complaint's factual allegations." *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). In the case of a factual attack, courts have "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* at 1003.

"District and appellate courts have limited subject matter jurisdiction and may only hear cases when empowered to do so by the Constitution and by act of Congress." *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) (quoting *Radil v. Sanborn Western Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004)). "The United States, as sovereign, is immune from suit save as it consents to be sued. . . ." *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "Courts lack subject matter jurisdiction over a claim against the United States for

which sovereign immunity has not been waived." *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010). Cowgill, as the litigant asserting jurisdiction, bears the burden of proving, by a preponderance of the evidence, that this court has subject matter jurisdiction. *Id.*; *see also McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

The United States contends that Cowgill failed to assert any factual basis for subject matter jurisdiction and failed to assert any basis for the waiver of sovereign immunity. (Doc. 9.) This is a facial attack on the complaint. Cowgill did not provide any substantive response to the motion to dismiss; rather, he purports to "give this court jurisdiction and authority to adjudicate this matter." (Doc. 16 at 1.)

Cowgill provided no factual support for his contention that this court has subject matter jurisdiction, nor did he cite any statute waiving the United States's sovereign immunity for a case like this. Under the circumstances, I am required to find that Cowgill has not met his burden of proving that subject matter jurisdiction exists in this case, and must grant the United States's motion to dismiss under Rule 12(b)(1).

**CONCLUSION**

As explained above, I grant-in-part and deny-in-part Cowgill's motion for judicial notice, and grant the United States's motion to dismiss for lack of subject matter jurisdiction. Accordingly, this case is dismissed without prejudice.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served on the date of entry--via mail or electronic means--to counsel of record and any pro se party as they are shown on the Court's docket.