**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN HULBERT COWGILL, grantor
and beneficiary John Hulbert Cowgill, on
behalf of my Private Foreign Trust,

       Plaintiff,

v.                                              CV 16-464 WPL/SCY

UNITED STATES OF AMERICA,

       Defendant.


**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**

On September 15, 2016, I entered an Order granting the United States's motion to dismiss for lack of subject matter jurisdiction (Doc. 22) and entered a Judgment dismissing the case without prejudice (Doc. 23). On October 17, 2016, Plaintiff John Hulbert Cowgill filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). (Doc. 24.) On October 20, 2016, Cowgill filed a motion to extend time under to file his motion to amend judgment, pursuant to Rule 6(b)(1)(B). (Doc. 25.) Because the 28-day time limit in which to file a motion under Rule 59 is mandatory, and because Rule 6 specifically prohibits the district court from granting an extension of time to file a motion pursuant to Rule 59, I have considered Cowgill's motion to be a Rule 60(b) motion. Under either Rule, I deny Cowgill's motions.

Because Cowgill is a pro se litigant, I must construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se

litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

Federal Rule of Civil Procedure 59(e) allows a litigant to file a "motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment." I filed the Judgment in this case on September 15, 2016. Twenty-eight days from that date was October 13, 2016. Rule 6, which governs "Computing and Extending Time; Time for Motion Papers," allows parties to move for an extension of time when "an act may or must be done within a specified time," and allows the court to extend that time for good cause. However, Rule 6(b)(2) specifically states that "[a] court must not extend the time to act under Rule[] . . . 59(e) . . . ." Additionally, the Tenth Circuit has repeatedly held that district courts lack the authority, under the Federal Rules of Civil Procedure, to extend the time to file a motion under Rule 59(e). *See Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1241 (10th Cir. 2006); *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1179 (10th Cir. 2000); *Collard v. United States*, 10 F.3d 718, 719 (10th Cir. 1993). Accordingly, Cowgill's motion to extend time under Rule 6 (Doc. 25) is denied.

When a motion purportedly filed under Rule 59(e) is deemed untimely, courts generally convert the motion into a Rule 60(b) motion. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). I conclude that Cowgill's motion was filed after the 28-day period and that I am prohibited from extending the time in which to file a motion under Rule 59(e), and therefore construe this as a Rule 60(b) motion.

Relief pursuant to Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances." *Allender*, 439 F.3d at 1242 (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)). The Rule allows courts to, "[o]n motion and just terms, . . . relieve a party or its legal representative from a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Exceptional circumstances may be demonstrated by satisfying at least one of Rule 60(b)'s grounds for relief. *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991).

Cowgill's motion is confusing. It appears that he seeks reconsideration based on his mistake in failing to include the "Trust Indenture" as evidence when filing the complaint in this case. (*See* Doc. 24 at 1.) Additionally, Cowgill "move[s] the Court to notice the fact that the Private Foreign Trust Indenture is a '*legally operative*' document." (Doc. 24 at 2 (emphasis in original).) Cowgill cites no basis or authority for this request and the request is denied.

Cowgill's only potential argument is that this "Trust Indenture" unilaterally states that the United States has waived immunity from suit. (Doc. 24 at 2.) Only Congress has the authority to waive sovereign immunity, and then only when it "unequivocally expresse[s]" that intention. *United States v. Nordic Village Inc.*, 503 U.S. 30, 33 (1992). Cowgill's unilateral expression that the United States has waived sovereign immunity is without legal effect.

Cowgill does not address nor could he reasonably argue, under any construction, that this alleged mistake on his part qualifies as one of the six bases for relief pursuant to Rule 60(b). Cowgill has not presented, and cannot present, any document, theory, or argument that would resolve the subject-matter jurisdiction issue in this case or give rise to good cause for reconsideration. As stated in the original Order, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued. . . ." (Doc. 22 at 6 (quoting *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007)).) "Courts lack subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived." (*Id.* at 6-7 (quoting *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010)).)

Under Rule 60(b) as well, Cowgill's motion is without merit and is denied.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.